## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**YARIBEL DRIVER,**

 **Plaintiff,**

 **v.**       **CASE NO:**

**H. LEE MOFFITT CANCER CENTER AND
RESEARCH INSTITUTE, INC.,**

 **Defendant.**

                /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YARIBEL DRIVER, (hereinafter "Plaintiff" or "Ms. Driver"), by and through the undersigned counsel, hereby sues Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC. (hereinafter "Defendant" or "Moffitt") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, her employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"). In addition, Plaintiff seeks to

redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability, and retaliated against her in violation of her rights under the ADA and the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her for exercising those rights in violation of the FMLA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§

1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.      Plaintiff is YARIBEL DRIVER, a 45-year-old female who resides in Rosharon, Texas, and who has been diagnosed with major depressive disorder, recurrent severe without psychotic features, generalized anxiety disorder, and insomnia due to mental condition. These conditions

substantially limit one or more major life activities, including working, sleeping, and caring for herself.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under the ADA, the FCRA, and the FMLA.

10. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11. At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA, the FCRA, and the FMLA.

12. The Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., is a corporation with its principal place of business located at 12902 USF Magnolia Drive, Tampa, FL 33612, Hillsborough County, Florida.

13. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employed Plaintiff at its location at 12902 USF Magnolia Drive, Tampa, FL 33612.

14. At all times material herein, Defendant employed more than 50

employees and met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA, the FCRA, and the FMLA.

15.    Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff. Defendant is also liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## ADMINISTRATIVE PREREQUISITES

16.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.    On September 19, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation. Said Charge of Discrimination bears EEOC Charge Number 511-2025-05152.

18.    On June 9, 2026, the EEOC issued Plaintiff a Notice of Right to Sue (Determination and Notice of Rights) in reference to her Charge of

Discrimination (EEOC Charge No. 511-2025-05152) against Defendant.

19.    This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

20.    More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.    Plaintiff YARIBEL DRIVER is a 45-year-old female who has been diagnosed with major depressive disorder, recurrent severe without psychotic features, generalized anxiety disorder, and insomnia due to mental condition. These conditions substantially limit one or more major life activities, including working, sleeping, and caring for herself. Plaintiff manages these conditions through multiple prescribed medications, including Citalopram Hydrobromide, Aripiprazole, Buspirone HCI,

Trazodone HCI, Hydroxyzine Pamoate, and Melatonin. Several of Plaintiff's nighttime medications cause sedation and directly conflict with on-call responsibilities that require continuous alertness and immediate responsiveness.

23. On July 24, 2023, Defendant hired Plaintiff as a Clinical Systems Analyst II - Pharmacy at its Tampa, Florida location. In this role, Plaintiff earned approximately $4,364.00 bi-weekly and reported to Jamaul Stephens, Patient Care Departmental Systems Manager.

24. Throughout her employment, Plaintiff maintained satisfactory or above-satisfactory performance. She received satisfactory annual appraisals in both 2023 and 2024, was awarded raises both years, and had no record of discipline or performance concerns prior to the events described herein.

25. On November 7, 2024, Plaintiff raised concerns to her supervisor, Jamaul Stephens, regarding coworker Kim Elliott and ongoing workload and priority disputes.

26. Tensions escalated during a team meeting on November 19, 2024, when changes to the on-call schedule were discussed. During that meeting, Elliott challenged Plaintiff by asking, "why are you so angry?" or

"why are you getting angry?" Plaintiff immediately messaged her supervisor, stating that the situation with Kim "triggered my anxiety." Supervisor Stephens dismissed Plaintiff's concerns, stating she was "overreacting" and letting her coworker "live rent-free in her head."

27.    On November 20, 2024, Supervisor Stephens arranged a meeting between Plaintiff and Elliott, which was unproductive. That same day, Plaintiff suffered a serious mental health crisis and was hospitalized at UTHealth Houston Harris County Psychiatric Center. Plaintiff's husband, James Driver, notified Supervisor Stephens of the hospitalization.

28.    Plaintiff remained on FMLA leave from November 21, 2024 through January 5, 2025. During that period, she received partial hospitalization treatment at Ambrosia Treatment Center in December 2024. Plaintiff returned to work on January 6, 2025.

29.    Shortly after her return, Plaintiff began receiving heightened scrutiny and discipline for alleged performance issues. On March 14, 2025, Moffitt issued documented verbal counseling citing alleged performance deficiencies, which Plaintiff disputed. At the same time, Plaintiff raised concerns to Supervisor Stephens that the new two-week on-call rotation and the requirement to run batch processes at 1:00 a.m. adversely interfered with

her prescribed medications.

30.    On March 17, 2025, Plaintiff initiated a second leave of absence, expressly stating that on-call duties "adversely interferes my prescribed medications as well as the new 2 weeks on-call rotation." When her initial personal leave request was denied, she resubmitted the request as medical leave, which was approved.

31.    On March 19, 2025, Supervisor Stephens sent Plaintiff an email citing an on-call policy provision stating that "The team member should not take any prescription drug that adversely affects their ability to safely and effectively perform their job duties," and advised Plaintiff to stop taking her medication if it conflicted with job duties. Despite Plaintiff's repeated and explicit notice that on-call duties conflicted with her prescribed medication regimen, Defendant did not meaningfully engage in an interactive process to determine reasonable accommodations.

32.    During Plaintiff's second leave from March 17 through July 14, 2025, she experienced ongoing and severe mental health crises. She was hospitalized at SUN Behavioral Houston, admitted to the emergency room at Memorial Hermann Pearland, and received partial hospitalization treatment at Oceans Behavioral Hospital Pasadena.

33.    In June 2025, Plaintiff requested an accommodation through an intermittent leave schedule to attend group psychotherapy four days per week from 10:00 a.m. to 12:45 p.m. That request was denied; instead, Defendant approved continuous leave through July 14, 2025.

34.    Plaintiff returned to work on July 14, 2025. On July 24, 2025, she received her 2025 annual appraisal reflecting an overall score of 2.4 out of 5.0, which fell below the 2.5 threshold required for satisfactory performance. Plaintiff's objectives were rated 1.2 out of 5.0. Critically, Plaintiff received ratings of "1 out of 5" on objectives due May 30, 2025, despite being on approved FMLA leave during that entire period.

35.    On July 28, 2025, Plaintiff submitted a formal complaint to Supervisor Stephens, Team Member Relations, and Valerie Sanders, identifying "potential retaliation" and "inaccuracies" in her 2025 annual appraisal, specifically that she was evaluated and penalized for performance during periods in which she was on approved FMLA leave. Moffitt's HR department stated that there was no formal process to review appraisals.

36.    On August 22, 2025, after Plaintiff made her retaliation complaint, Defendant issued a 90-day Performance Improvement Plan ("PIP") citing four alleged performance deficiencies, including a subjective

criticism of "lack of independent thought processes." Plaintiff refused to sign the PIP.

37. On August 26, 2025, Plaintiff began another leave of absence due to worsening health and work-related stress. Plaintiff was seen by Nikita Engineer at One Behavioral of Pearland on August 26, 2025, and was admitted to partial hospitalization at Oceans Behavioral Hospital Pasadena on August 27, 2025, due to deteriorating mental health associated with continued retaliation and stress.

38. On August 29, 2025, Plaintiff's coworker Kim Elliott posted a Zoom instant message to the entire team stating, "Yaribel will be out PTO-S today," improperly disclosing Plaintiff's medical leave status to the team. The only person Plaintiff had informed of her sick leave status was Supervisor Stephens.

39. Throughout her employment, Plaintiff was subjected to disparate treatment as compared to coworkers Kim Elliott and Karen Franklin, who regularly missed deadlines and delayed client contact without consequence. Elliott's practice of copying language from ServiceNow tickets was ignored, while Plaintiff was penalized for the same practice. Plaintiff was penalized for identical behaviors for which Elliott and Franklin faced no

corrective action.

40.    On November 21, 2025, Plaintiff submitted a return-to-work form completed by her healthcare provider, identifying restrictions and conditions necessary for her return. Defendant neither cleared Plaintiff to return nor confirmed whether it would accommodate the restrictions identified by her provider.

41.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including reduced compensation during FMLA leave, denial of merit increases based on an inaccurate performance review completed during her protected leave, multiple hospitalizations, and ongoing mental health treatment requiring multiple medications.

42.    At all times relevant herein, Plaintiff was a qualified individual with a disability who could perform the essential functions of her position as Clinical Systems Analyst II - Pharmacy, with or without reasonable accommodation.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Disability Discrimination / Failure to Accommodate
### 42 U.S.C. §§ 12101-12213

43.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    At all times material herein, Defendant was an "employer" within the meaning of the ADA.

45.    Plaintiff suffers from major depressive disorder, recurrent severe without psychotic features, generalized anxiety disorder, and insomnia due to mental condition, each of which is a disability within the meaning of the ADA in that it constitutes a physical or mental impairment that substantially limits one or more major life activities, including working, sleeping, and caring for herself.

46.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA, in that she could perform the essential functions of her position with or without reasonable accommodation.

47.    Defendant knew of Plaintiff's disability through, among other

things, Plaintiff's hospitalizations, her FMLA leave requests, her communications with Supervisor Stephens regarding her prescribed medications and the on-call conflict, and her formal accommodation requests.

48. Despite having notice of Plaintiff's disability and accommodation needs, Defendant failed to engage in a good-faith interactive process and failed to provide a reasonable accommodation.

49. Instead of accommodating Plaintiff, Defendant, through Supervisor Stephens, advised Plaintiff to stop taking her prescribed medications if they conflicted with on-call job duties, rather than exploring reasonable accommodations that would enable Plaintiff to perform her job while adhering to her medical treatment.

50. Defendant denied Plaintiff's June 2025 request for an intermittent leave schedule to attend group psychotherapy four days per week, forcing her onto continuous leave instead.

51. Defendant subjected Plaintiff to adverse employment actions because of her disability, including issuing documented verbal counseling in March 2025, issuing an unsatisfactory annual performance appraisal in July 2025 that rated Plaintiff on periods she was on protected FMLA leave,

and placing Plaintiff on a Performance Improvement Plan on August 22, 2025.

52.    Defendant treated Plaintiff less favorably than similarly situated non-disabled employees, including coworkers Kim Elliott and Karen Franklin, who engaged in similar or worse conduct without disciplinary consequences.

53.    Defendant's conduct constituted unlawful discrimination against Plaintiff on the basis of disability, including by subjecting her to discriminatory terms and conditions of employment and by failing to provide a reasonable accommodation, in violation of the ADA.

54.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A. A declaration that Defendant violated the ADA by discriminating against Plaintiff because of her disability and by failing to provide a reasonable accommodation;

B. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

C. Compensatory damages as allowed by law;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

55. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

56. At all times material herein, Defendant was an "employer" within the meaning of the ADA.

57. Plaintiff engaged in protected activity under the ADA by, among

other things, notifying Defendant of her disability and its impact on her ability to perform on-call duties, requesting reasonable accommodations for her disability, taking disability-related medical leave, and submitting a formal complaint on July 28, 2025, identifying potential retaliation and inaccuracies in her annual appraisal tied to her protected leave.

58.    Defendant was aware of Plaintiff's protected activity.

59.    After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse employment actions.

60.    Those materially adverse employment actions included, but were not limited to, issuing heightened scrutiny and documented verbal counseling upon Plaintiff's return from her first FMLA leave, advising Plaintiff to discontinue her prescribed medications, denying Plaintiff's accommodation request for intermittent leave, issuing an unsatisfactory performance appraisal that penalized Plaintiff for periods during which she was on protected leave, and placing Plaintiff on a Performance Improvement Plan on August 22, 2025, shortly after Plaintiff filed her formal complaint regarding retaliation.

61.    The adverse actions taken against Plaintiff were materially adverse in that they would dissuade a reasonable employee from engaging

in protected activity under the ADA.

62.　There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions.

63.　The temporal proximity between Plaintiff's protected activity and the adverse actions, together with the sequence and escalation of those actions, support an inference of retaliatory intent.

64.　Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the ADA.

65.　As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A.　A declaration that Defendant violated the ADA by retaliating against Plaintiff for engaging in protected activity;

B.     Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

C.     Compensatory damages as allowed by law;

D.     Pre-judgment and post-judgment interest as allowed by law;

E.     Reasonable attorneys' fees, costs, and expenses as allowed by law; and

F.     Such other and further relief as the Court deems just and proper.

## COUNT III
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
**Disability Discrimination / Failure to Accommodate**
**Florida Statutes §§ 760.01-760.11**

66.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

67.    At all times material herein, Defendant was an "employer" within the meaning of the FCRA.

68.    Plaintiff suffers from major depressive disorder, recurrent severe without psychotic features, generalized anxiety disorder, and insomnia due to mental condition, each of which constitutes a handicap or disability within the meaning of the FCRA.

69.     At all times material herein, Plaintiff was a qualified individual who was able to perform the essential functions of her position, with or without reasonable accommodation.

70.     Defendant knew of Plaintiff's disability and accommodation needs through, among other things, Plaintiff's hospitalizations, FMLA leave requests, communications about her prescribed medications and on-call conflicts, and formal accommodation requests.

71.     Despite notice of Plaintiff's disability and accommodation needs, Defendant failed to engage in the interactive process and failed to provide a reasonable accommodation, including by advising Plaintiff to discontinue her prescribed medications and by denying her request for intermittent leave for group psychotherapy.

72.     Defendant subjected Plaintiff to adverse terms and conditions of employment because of her disability, including issuing an unsatisfactory annual appraisal covering periods of protected leave and placing Plaintiff on a Performance Improvement Plan.

73.     Defendant discriminated against Plaintiff because of her disability by subjecting her to discriminatory terms and conditions of employment, in violation of the FCRA.

74.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A.    A declaration that Defendant violated the FCRA by discriminating against Plaintiff because of her disability;

B.    Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

C.    Compensatory damages as allowed by law and within any applicable statutory limits;

D.    Pre-judgment and post-judgment interest as allowed by law;

E.    Reasonable attorneys' fees, costs, and expenses as allowed by law; and

F.    Such other and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Florida Statutes §§ 760.01-760.11

75. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

76. At all times material herein, Defendant was an "employer" within the meaning of the FCRA.

77. Plaintiff engaged in protected activity under the FCRA by notifying Defendant of her disability, requesting reasonable accommodations, taking disability-related medical leave, and submitting a formal complaint on July 28, 2025, identifying potential retaliation tied to her protected leave.

78. Defendant was aware of Plaintiff's protected activity.

79. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions.

80. Those materially adverse actions included, but were not limited to, issuing heightened scrutiny and discipline upon Plaintiff's return from FMLA leave, advising Plaintiff to stop taking her prescribed medications,

denying Plaintiff's accommodation request, issuing an unsatisfactory performance appraisal that penalized Plaintiff for periods on protected leave, and placing Plaintiff on a Performance Improvement Plan shortly after Plaintiff's formal retaliation complaint.

81. The adverse actions taken against Plaintiff were materially adverse in that they would dissuade a reasonable employee from engaging in protected activity under the FCRA.

82. There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions.

83. The temporal proximity between Plaintiff's protected activity and the adverse actions, together with the sequence and escalation of those actions, support an inference of retaliatory intent.

84. Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the FCRA.

85. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A. A declaration that Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

C. Compensatory damages as allowed by law and within any applicable statutory limits;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

## COUNT V
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Interference
### 29 U.S.C. § 2601 et seq.

86.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

87.    At all times material herein, Plaintiff was an eligible employee within the meaning of the FMLA.

88.    At all times material herein, Defendant was an employer within the meaning of the FMLA.

89.    Plaintiff suffered from a serious health condition within the meaning of the FMLA, namely major depressive disorder, recurrent severe without psychotic features, generalized anxiety disorder, and insomnia due to mental condition.

90.    Plaintiff was entitled to and received two periods of FMLA leave: from November 21, 2024 through January 5, 2025, and from March 17, 2025 through July 14, 2025.

91.    Plaintiff exercised rights protected by the FMLA by taking the foregoing approved medical leave.

92.     Defendant interfered with, restrained, and denied Plaintiff's exercise of rights under the FMLA by, among other things, penalizing Plaintiff for performance during periods when she was on approved FMLA leave, using Plaintiff's FMLA absences as a negative factor in evaluating her performance, and retaliating against Plaintiff for having exercised her FMLA rights.

93.     Specifically, Defendant issued Plaintiff an annual performance appraisal in July 2025 that rated her objectives at 1.2 out of 5.0, including ratings of "1 out of 5" on goals due May 30, 2025, during which time Plaintiff was on approved FMLA leave. Defendant used that appraisal as the basis for issuing a Performance Improvement Plan on August 22, 2025.

94.     Defendant further denied Plaintiff's June 2025 request for an intermittent leave schedule for group psychotherapy, forcing her onto continuous leave rather than allowing her to utilize available leave in the manner she requested.

95.     Defendant's actions interfered with Plaintiff's FMLA rights by using her protected leave as a negative factor in employment actions and by depriving Plaintiff of the benefits and protections to which she was entitled under the FMLA.

96. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered damages, including lost wages, salary, employment benefits, and other compensation, together with interest and other relief available under the FMLA.

97. Defendant did not act in good faith and had no reasonable grounds for believing its conduct complied with the FMLA, entitling Plaintiff to liquidated damages to the extent permitted by law.

**WHEREFORE**, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A. A declaration that Defendant violated the FMLA by interfering with Plaintiff's exercise of her FMLA rights;

B. Damages for lost wages, salary, employment benefits, and all other compensation denied or lost as a result of Defendant's unlawful conduct;

C. Liquidated damages as recoverable under the FMLA and as consistent with law;

D.    Equitable relief, including reinstatement or front pay as appropriate;

E.    Pre-judgment and post-judgment interest as allowed by law;

F.    Reasonable attorneys' fees, costs, and expenses as allowed by law; and

G.    Such other and further relief as the Court deems just and proper.

## COUNT VI
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Retaliation
### 29 U.S.C. § 2601 et seq.

98.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

99.    At all times material herein, Plaintiff was an eligible employee within the meaning of the FMLA.

100.    At all times material herein, Defendant was an employer within the meaning of the FMLA.

101.    Plaintiff engaged in activity protected by the FMLA by requesting and taking approved FMLA leave from November 21, 2024 through January 5, 2025, and from March 17, 2025 through July 14, 2025.

102. Defendant knew that Plaintiff had requested and taken approved FMLA leave.

103. After Plaintiff exercised her FMLA rights, Defendant subjected Plaintiff to materially adverse employment actions.

104. Those materially adverse employment actions included issuing an unsatisfactory annual performance appraisal that penalized Plaintiff for goals due during periods of protected FMLA leave, placing Plaintiff on a 90-day Performance Improvement Plan on August 22, 2025, based on the disputed appraisal, and escalating retaliatory treatment following Plaintiff's formal complaint regarding the appraisal's inaccuracies.

105. The temporal proximity between Plaintiff's return from FMLA leave and the adverse employment actions taken against her, together with Defendant's use of leave periods as a negative factor in Plaintiff's performance evaluation, supports a causal connection between Plaintiff's protected activity and Defendant's retaliation.

106. Defendant retaliated against Plaintiff because she exercised rights protected by the FMLA.

107. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, salary,

employment benefits, and other compensation, together with interest and other relief available under the FMLA.

108. Defendant did not act in good faith and had no reasonable grounds for believing its conduct complied with the FMLA, entitling Plaintiff to liquidated damages to the extent permitted by law.

**WHEREFORE**, Plaintiff, YARIBEL DRIVER, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, H. LEE MOFFITT CANCER CENTER AND RESEARCH INSTITUTE, INC., and the following relief:

A.   A declaration that Defendant violated the FMLA by retaliating against Plaintiff for exercising her FMLA rights;

B.   Damages for lost wages, salary, employment benefits, and all other compensation denied or lost as a result of Defendant's unlawful conduct;

C.   Liquidated damages as recoverable under the FMLA and as consistent with law;

D.   Equitable relief, including reinstatement or front pay as appropriate;

E.   Pre-judgment and post-judgment interest as allowed by law;

F.   Reasonable attorneys' fees, costs, and expenses as allowed by law; and

G.   Such other and further relief as the Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 15th day of June 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com